**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:10-CR-55** |
| | ) | **1:12-CV-235** |
| **ADDONES SPENCER** | ) | |

**OPINION AND ORDER**

This matter is before the Court for ruling on several motions filed by petitioner Addones Spencer, who is proceeding *pro se*. On June 28, 2012, Spencer filed a "Petition for Certificate of Appealability" (docket at 174). On July 9, 2012, Spencer filed a "Motion for Discovery as to Properly Prepare 2255 and for Free Transcripts" (docket at 175). On July 11, 2012, Spencer filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket at 176). The government filed a response in opposition to Spencer's § 2255 motion on July 18, 2012 (docket at 178). On July 30, 2012, Spencer filed a reply brief in support of his motion (docket at 179). On September 13, 2012, Spencer filed another "Petition for Certificate of Appealability" (docket at 180). Finally, on October 19, 2012, Spencer filed a "Motion for Verified Final Judgement/the Motion for Certificate of Appealability" (docket at 181). For the reasons discussed below, all of Spencer's pending motions are DENIED.

**BACKGROUND**

On July 28, 2010, a federal grand jury returned an indictment charging Spencer with six counts of federal firearms charges. These charges included selling firearms to convicted felons, possession of a firearm by a convicted felon, and making false statements or aiding and abetting the making of false statements on ATF forms for the purpose of purchasing firearms. Indictment, docket at 1. Spencer and five co-defendants were charged with a total of 15 counts

of firearms violations. *Id*. All of the defendants eventually entered into plea agreements and pleaded guilty to some of the charges against them (with others being dismissed pursuant to motions by the government). The scheme involved the defendants making false statements or representations in order to purchase firearms, which were then sold or transferred to convicted felons. On November 29, 2010, Spencer entered a plea of guilty to Count 10 of the Indictment, which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His guilty plea was entered after Spencer entered into his plea agreement with the government, in which the government agreed to dismiss the five other counts against him in exchange for his guilty plea. Plea Agreement, docket at 98, p. 4. This Court sentenced Spencer to 57 months imprisonment on March 14, 2011, which was the low end of the advisory guideline range.

## DISCUSSION

### 1. Petition for certificate of appealability (docket at 174).

Notwithstanding its title, this motion does not request a certificate of appealability. Instead, Spencer states that he "has newly discovered evidence to show his conviction is wrong and he is not guilty of said crime." *Id*., p. 1. He also states that his "counsel was ineffective in proper defense as he failed to investigate fully before forcing a plea upon the defendant by way of the government." *Id*. Next he states that his "counsel [failed] to make the court aware of evidence that would have allow[ed] the court to hold and or conduct a sua sponte [sic] as to the mind altering drugs the defendant was under during the entire time of case [sic]." *Id*., p. 2. He concludes with the following request: "the defendant pray [sic] this court grant this petition and order all discoverable material turned over to the defendant in the case made and provide [sic]."

The statements Spencer makes in this purported motion for certificate of appealability duplicate the allegations presented in his § 2255 motion, which is discussed below. His prayer for relief asks that he be provided with certain alleged evidence and materials pertaining to his case. This request duplicates his "motion for discovery," which is also discussed below. Therefore, this particular motion, or petition as Spencer refers to it, serves no discernable purpose. For these reasons, it is denied.

**2. Motion for Discovery as to Properly Prepare 2255 and for Free Transcripts (docket at 175).**

In this motion, Spencer asks the Court to provide him with "all discoverable material [in this case] . . . and a free copie [sic] of all transcripts for preparing a 2255 . . ." He then repeats once again the allegations contained in his § 2255 motion, i.e., that he can prove his innocence, that his counsel was ineffective, and that he has newly discovered evidence that would prove his innocence. Motion for Discovery, pp. 1-2. Notwithstanding this request, Spencer proceeded to prepare and file his motion pursuant to § 2255 only days after he filed this request for discovery. Spencer does not specify what "evidence" he wants or what transcripts he wants prepared. However, the issues presented in the § 2255 motion are clear and need no edification. More importantly, as discussed below, Spencer is precluded from even filing a § 2255 motion in the first place. For these reasons, his motion for discovery is unnecessary and is denied.

**3. Motion Pursuant to 28 U.S.C. § 2255 (docket at 176).**

In his § 2255 motion, Spencer claims that he has "newly discovered evidence" that would prove he was incapable of committing the crime to which he pled guilty. Specifically, Spencer claims that at the time he committed the crime to which he pled guilty he was experiencing "extreme pain as to his head and back" and was on medication. Sec. 2255 motion, p. 3. He

3

states that he was "unaware of the ability or evidence for which he now holds that show he could not under medication have comitted a crime knowly." [Sic] *Id.* He further states that his defense counsel "failed in his duties to uncover and secure this evidence[.]" and that "the prosecutor know or should have know that the state in which defendant suffered warrant a trial by jury, a competency hearing, expert testimony and statement for 6 or more doctor and therapist as to diminished capacity." [Sic] *Id.* The impairments he was allegedly under at the time he committed the charged offense resulted, he explains, from injuries he sustained on November 20, 2009, when a street light fell on him "striking this defendant on the head, back for which he still suffers and getting worse." *Id.*, p. 4.[1] In short, Spencer claims that he was experiencing physical pain, was taking medication to relieve that pain, and as a result could not have formed the requisite mens rea to commit the crime of being a felon in possession.[2] He claims in his motion that his attorney rendered ineffective assistance of counsel by not discovering and/or presenting this evidence, and that the U.S. Attorney's office committed prosecutorial misconduct by not acknowledging this allegedly "exculpatory evidence." *Id.*

---

[1] In his reply brief, Spencer claims that the incident with the street light occurred on November 19, rather than November 20. Defendant's Reply, p. 6. But this discrepancy is not relevant to the issues presented or the Court's analysis.

[2] November 20, 2009, is the date on which Count 10 of the Indictment states that Spencer illegally possessed a firearm. Spencer states in his § 2255 motion that he was hit on the head by a falling street light "at approx. midnight." Sec. 2255 motion , p. 4. Presumably he possessed a firearm sometime later that day. (He does not deny possessing a firearm, only that he could not have formed the requisite criminal intent to do so as a result of the street light incident.) The Court notes that as the Indictment in this case shows, four of the six counts with which Spencer was charged occurred months before the alleged accident. These are the counts that were dismissed upon motion by the government at Spencer's sentencing hearing.

Tellingly, Spencer does not claim in his motion that he ever told his attorney about this

alleged accident and so it is difficult to imagine how he can now accuse his attorney of rendering

ineffective assistance of counsel for not having presented this "evidence" as a defense, or how he

can accuse the government of ignoring or concealing it.[3]  For that matter, it is also impossible to

characterize this as "newly discovered evidence" since clearly Spencer knew that the accident

occurred and that he was receiving pain medication as a result.  Furthermore, Spencer entered his

guilty plea before Magistrate Judge Roger B. Cosbey.  It is this Court's standard practice at a

change of plea hearing to ask the defendant, under oath, a long series of questions to ensure that

he is entering his guilty plea knowingly and voluntarily.  This inquiry includes questioning the

defendant about any drugs, medicines, or alcohol that he might have consumed that would hinder

his ability to enter a voluntary plea, and whether he understands the import of entering a plea.

The Magistrate Judge then inquires of defense counsel and the Assistant U.S. Attorney whether

they know of any reason why the defendant would not be capable of understanding what is

happening.  The Magistrate Judge then makes a finding that the defendant is competent to enter a

plea of guilty.  Nothing at this point would have prevented Spencer from raising his concerns

about his physical and/or mental condition, but he did not do so.  But none of this is here nor

there at this point, and the Court need not engage in any further analysis of the merits, or lack

thereof, of the arguments Spencer presents in his § 2255 motion.  This is because, as the

government properly points out in its response brief, Spencer's motion is barred for two reasons:

---

[3] In his reply brief, Spencer does allege that he told his attorney about his accident and
asked him to contact doctors who treated him but his attorney failed to do so.  Defendant's
Reply, p. 4.  This discrepancy in Spencer's story is not relevant, however, since he is prohibited
from filing a § 2255 petition or from raising an ineffective assistance of counsel claim.

his petition was filed beyond the limitations period contained in 28 U.S.C. § 2255 and because

he entered into a plea agreement in which he expressly waived his right to challenge his

conviction or sentence by way of direct appeal or collateral attack.

Section 2255 clearly states that a motion must be filed within one year of four alternative

dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Kelley v. U.S.*, 2012 WL 4472008 (N.D.Ind. Sept. 26, 2012). Spencer was sentenced on March

14, 2011. No direct appeal was taken (since Spencer waived that right as part of his plea

agreement) and so his sentence became final 14 days later on March 28, 2011. He filed his

present § 2255 motion on July 11, 2012, more than one year after his sentence became final.

Subsections (2) and (3) do not apply to him. And, as already discussed, he cannot assert a non-

frivolous argument for the application of any equitable tolling period under subsection (4). If

Spencer was under any sort of physical and/or mental distress at the time of the commission of

his offense or anytime during the proceedings in this case, he would have known about it since

he was the victim of the alleged accident involving the street light. Nothing prevented him from

presenting his § 2255 in a timely fashion but he failed to do so. Therefore, his motion is barred

by the one-year limitations period.

In addition, Spencer entered into a plea agreement that contained a waiver provision, whereby he agreed not to challenge his conviction or sentence, or the way his sentence was imposed, by way of direct appeal or collateral attack. Specifically, Spencer's plea agreement contained the following provision:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has the jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Plea Agreement, p 4.

It is well settled that appellate waivers in plea agreements are generally enforceable. *United States v. Emerson,* 349 F.3d 986, 988 (7th Cir. 2003); *see United States v. Nave,* 302 F.3d 719, 720-21 (7th Cir. 2002). Spencer voluntarily entered into a plea agreement with the government, agreeing to plead guilty to one count while the government agreed to dismiss five others. Spencer also agreed to waive his right to appeal his sentence, challenge it by way of a motion under § 2255, or to assert an ineffective assistance of counsel claim. His present motion is therefore barred for failure to file within the one-year limitation period and because his plea agreement contained a valid waiver provision. For these reasons, Spencer's motion under 28 U.S.C. § 2255 is denied.

**4. Petition for Certificate of Appealability (docket at 180).**

As stated, Spencer filed a motion for certificate of appealability on September 13, 2012. The motion was premature, since the Court had not yet ruled on his motion pursuant to § 2255. Nonetheless, his request is now ripe since the Court is denying his motion. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing 2255 Proceedings,* and 28 U.S.C. § 2253©, the Court finds that Spencer has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The court therefore denies Spencer's motion for issuance of a certificate of appealability.

**5. Motion for Verified Final Judgement/the Motion for Certificate of Appealability (docket at 181).**

In his most recent motion, filed on October 19, 2012, Spencer does not actually renew his request for a certificate of appealability (except, arguably, within the caption). Instead, he once again summarizes the allegations raised in his § 2255 motion, claims that his defense counsel in this case, confidential informants used to gather evidence against him, members of the Fort Wayne Police Department, and several electric companies all conspired to violate his civil and/or constitutional rights. He also inquires about the status of his § 2255 petition. To the extent that this motion was intended only to expedite a ruling on his § 2255 petition, it is denied as moot. To the extent it can be interpreted as a second motion for issuance of a certificate of appealability, it is denied for the reasons discussed above.

**CONCLUSION**

For the reasons set forth above, the Court rules as follows: the "Petition for Certificate of Appealability" (docket at 174) is **DENIED**; the "Motion for Discovery as to Properly Prepare 2255 and for Free Transcripts" (docket at 175) is **DENIED**; the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket at 176) is **DENIED**; the "Petition for Certificate of Appealability" (docket at 180) is **DENIED**; and the "Motion for Verified Final Judgement/the Motion for Certificate of Appealability" (docket at 181) is **DENIED**.

Date: October 25, 2012.

    /s/   William C. Lee

William C. Lee, Judge
United States District Court
Northern District of Indiana